UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARGARETTE KENISTON and
KERRI MORRISON,

    Plaintiffs,                                    Case No. 16-13711
-vs-                                                    Hon:  AVERN COHN

UNITED STATES OF AMERICA

    Defendant.
_____/

## DECISION

### I.

This is a Federal Tort Claims Act case tried to the Court. Plaintiff, Margarette Keniston (Keniston), says she was injured after slipping and falling in the parking lot of the Saline, Michigan Post Office, while getting out of her daughter's truck to go into the Post Office. The driver of the truck was Plaintiff, Kerri Morrison (Morrison), who says she suffered damages from witnessing Keniston's fall. Liability and damages have been bifurcated.

Plaintiffs' claim is that the defendant, the United States of America (United States), was negligent in the maintenance of the Post Office's parking lot, particularly because the parking lot was paved with asphalt and drained into concrete pads which had in their center metal grates.

The juxtaposition of the asphalt and the concrete are illustrated on Exhibits A and B, attached. The edge of the concrete pad is approximately 3/4" higher than the edge of the adjacent asphalt.

Plaintiffs take the position that the edge of the concrete which they call the lip, was a danger to a pedestrian walking toward the entrance to the Post Office, a danger which was not open and obvious to the walker.

Defendant takes the position that Keniston did not trip on the lip of the drain pad, and even if she did, the drain pad was not unreasonably dangerous, and even if it was, it was an open and obvious condition that did not pose a special risk of injury.

The jurisprudence of slip and fall in Michigan law is well known and need not be repeated here. In a case, the facts of which are analogous to the circumstances here, and in which defendant was granted summary judgment, the Michigan Court of Appeals said:

> The photographs of the drain cover and the immediate area surrounding it in the lower court record reveal a deteriorated, recessed drain cover with a plainly visible "drop" or depression of several inches below the pavement. Notably, the drain cover is surrounded by a large area of light-colored pavement that makes the area distinct from the rest of the dark-colored pavement in the lot. Thus, even though there is a significant "drop" between the sunken drain cover and the rest of the pavement, the photographs reveal that the danger it presents was readily observable, at least under the normal daylight conditions depicted in the pictures. Further, a sunken drain cover presents a common, everyday hazard – equivalent to a pothole or unevenness in pavement – which generally constitutes, by its very nature, an open and obvious condition that a reasonably prudent person would ordinarily be expected to discover.

*Basacchi v. Fawzi Simon, Inc.*, No. 329503, 2017 WL 188025, at *3 (Mich. Ct. App. Jan. 17, 2017).

II.

A.

As to the particulars of this case, the Court finds:

1. Keniston was 82 years old at the time of the incident. She lived six (6) blocks from the Post Office, and had been to it more than 100 times. She was familiar with the asphalt and the drain pad. When going to the Post Office, she typically parked in or next to the handicapped spot, which was the spot in which Morrison parked the day of the incident.

2. After a second stroke in 2010, Keniston had a weakness in her left leg. Her medical records indicate that "[o]n occasion, her left foot well [sic] stub itself because she has a history of a CVA that affected the left side, mildly and more so on the left leg. . . . She actually remembers having this happen about 6 years ago where she fell at her daughter's home and had a similar issue with a mild bleed."

3. The asphalt and the drain pad and the relationship between the two (2) is immediately visible from where Morrison parked.

4. The asphalt and the drain pad have a different texture and color. The border between the two (2) is clearly defined.

5. Keniston and Morrison were in a Chevrolet Silverado when they arrived at the Post Office. Morrison was driving. The two (2) got out of their respective doors at approximately the same time. Morrison could only see the upper part of Keniston as the two (2) walked toward the Post Office. The weather was clear.

6. Keniston in her deposition says she stubbed her left toe after she took several steps, and fell after being unable to regain her balance. She said she remembered going toward the front door of the Post Office, but for some reason she did not notice the drain pad. Morrison testified in her deposition that when Keniston fell, she landed on the pad with her head toward the drain cover in the center of the pad. Her

feet came to rest on the lip of the drain pad.

    7.    Morrison saw her mother fall, but does not remember anything else.

    8.    Keniston passed away subsequent to the incident. Her death was unrelated to the incident.

    9.    Attached as Exhibit C is a photograph showing where Keniston fell according to Morrison. The circle shows the position of Keniston's head; the dash shows where her feet came to rest.

    10.    Morrison testified in her deposition that Keniston did not fall at the same point where she tripped. She fell to the ground at a distance from the point she tripped.

    11.    Keniston testified in her deposition that when she tripped she was still between the Silverado and the vehicle parked next to her. She further testified that she stubbed her left toe, that she tried to catch herself, and that she then went down first hitting her left knee.

B.

    1.    To recover damages from the United States, Keniston must establish a duty owed her, a breach of the duty, an injury proximately caused by breach of the duty, and damages.

    2.    The United States was not required to protect Keniston from an open and obvious danger unless there were special aspects of the condition of the parking lot making it unreasonably dangerous.

    3.    Keniston has not shown by a preponderance of the evidence that the parking lot was in a dangerous condition not open and obvious to her, or that there were special aspects to the condition of the parking lot subjecting her to a dangerous

condition.

4. Under the totality of the circumstances, the United States is not liable to Keniston for any injuries she suffered from tripping and falling in the parking lot as claimed by her.

III.

1. This constitutes the findings of fact and conclusions of law required by Fed. R. Civ. P. 52(a)(1).

2. A judgment will be entered dismissing the case.


Dated: October 13, 2017

    S/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE